IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT, II,

                Plaintiff,

  v.                                              OPINION and ORDER

TOM BENDER,                                    20-cv-193-jdp

                Defendant.

---

Pro se plaintiff Carl C. Gilbert II, a civil detainee confined at Sand Ridge Secure Treatment Center, alleges that defendant officer Tom Bender strapped him down to a bed for two days without clothes. I granted Gilbert leave to proceed on Fourteenth Amendment excessive force and conditions-of-confinement claims against Bender. Dkt. 27. Before the court are several submissions by Gilbert.

**A. Amended complaint**

Gilbert has filed two documents that are motions for reconsideration of my decision screening his first amended complaint as well as proposed new amended complaints. Dkt. 32 and Dkt. 54. Gilbert's second filing adds nothing to his first, so I will discuss only the first document in this opinion.

Gilbert asks for reconsideration of my rulings to deny him leave to proceed on claims that facility staff violated his due process rights by falsely charging him of a disciplinary infraction and then convicting him at a hearing without procedural safeguards. And he restates those claims in his proposed new amended complaint. But Gilbert does not provide a persuasive reason for me to reconsider my previous decision or to grant him leave to proceed on a due process claim based on his new complaint.

Gilbert continues to allege that he was denied procedural safeguards at his hearing that a detainee would be entitled to if he was punished with an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But consequences he faced like a short-term reduction in programming or 21 days of segregation are not significant enough to qualify as significant or atypical. Gilbert continues to say that his disciplinary conviction contributed to his detention under Wisconsin Statutes Chapter 980, which is a significant hardship, but as I have previously explained, this court cannot consider claims for damages or declaratory relief if a judgment in his favor would implicitly question the validity of his Chapter 980 commitment. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Von Flowers v. Wisconsin Dep't of Health & Fam. Servs.*, 58 Fed. App'x. 649, 651 (7th Cir. 2003) (applying *Heck* to challenge of chapter 980 commitment). I will deny Gilbert's motion for reconsideration and I will not allow him to proceed on any due process claims in his proposed second amended complaint.

Gilbert also seeks to amend his complaint to include more defendants who were involved in strapping him to a bed for two days. He alleges that John and Jane Doe correctional officers, nurses, and doctors kept him in restraints for that time period and forced him to take psychotropic drugs for at least the first day to "shut [him] up." Dkt. 32, at 6. Gilbert is no longer entitled to amend the complaint as a matter of course. But this court should freely grant leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). It is early enough in this case that there is no prejudice to defendant Bender to add the Doe defendants to the case or to add a new claim that defendants forcibly medicated him while he was restrained. I will allow Gilbert to amend his complaint to add these claims.

At the court's preliminary pretrial conference, Magistrate Judge Stephen Crocker explained some of the discovery methods litigants use to obtain information from their opponents. I will give Gilbert a short time to make discovery requests aimed at identifying the Doe defendants involved in the violations of his rights over the two says he was strapped to a bed. After Gilbert obtains those names, he must submit a supplement to his complaint adding those persons to the caption and explaining what each of them did to violate his rights.

**B. Access to the courts**

Gilbert has filed three motions stating that facility staff are denying him legal loans, postage, writing supplies, and law library materials and he asks for a court order forcing the state to provide him with these resources. Dkt. 28; Dkt. 41; Dkt. 45. This court does not ordinarily interfere with Sand Ridge's internal procedures, and I will consider motions like Gilbert's only when it is necessary to ensure a prisoner's right of access to the courts. Bender asserts that Gilbert retains access to law library materials and he submits documents showing that Gilbert has an active legal loan and biweekly income that Gilbert has used to purchase writing materials and postage. And Gilbert has been able to file numerous motions in this and his other currently pending case in this court. Nothing in Gilbert's motions suggests that facility officials are actually blocking him from litigating the case. So I will deny his motions for an order forcing facility officials to provide him with materials.

Gilbert also asks for copies of documents that he has sent to the court. I will direct the clerk of court to send Gilbert a copy of the docket sheet so that he can request copies of particular documents.

3

### C. Motions to compel

Gilbert has filed two motions to compel discovery, stating that he filed discovery requests in July 2021 and has not gotten responses from defendant Bender. Dkt. 52 and Dkt. 56. Gilbert concedes that he filed his requests too early: he received a letter from the clerk of this court stating that discovery does not begin until after the court's preliminary pretrial conference and noting that future discovery requests should be mailed directly to defendants instead of efiled to the court's docket. *See* Dkt. 38. It's unclear whether Gilbert mailed Bender a second set of requests.

Bender responds that Gilbert has not conferred with him about his requests as required under Federal Rule of Civil Procedure 37(a)(1), but nonetheless counsel responded to his requests and sent him several hundred pages of documents. And Gilbert did not file a reply brief by the deadline to do so, which I infer means that he has received the materials he sought. I will deny his motions to compel.

### D. Other motions

Gilbert has filed a motion to strike portions of Bender's answer and affirmative defenses, saying that Bender is falsely denying the allegations against him and otherwise disputing assertions that Gilbert made in his complaint, such as that he has exhausted his administrative remedies and that he filed a notice of claim. But Bender is free to deny allegations against him and to raise defenses that he thinks are applicable even though Gilbert believes otherwise. I will deny Gilbert's motion to strike.

Gilbert has filed a motion for default judgment, stating that Bender filed a late response to his motion for reconsideration. Dkt. 43. But failure to respond to Gilbert's motion wouldn't be reason to grant him default judgment. And in any event, Bender did respond to that motion

by the court's deadline, although it is possible that Gilbert did not receive a copy the same day that the court received it. I will deny Gilbert's motion for default judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Carl C. Gilbert's motions for reconsideration, Dkt. 32 and Dkt. 54, are DENIED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 32, is GRANTED in part.

3. Plaintiff is now GRANTED leave to proceed on Fourteenth Amendment excessive force, conditions-of-confinement, and forced-medication claims against defendants Tom Bender and John and Jane Doe correctional officers, nurses, and doctors.

4. Plaintiff may have until January 6, 2022, to complete service of his discovery requests aimed at identifying his Doe defendants. Plaintiff may have until February 20, 2022, to submit a supplement to his complaint adding the identities of the Doe defendants and explaining what each of them did to violate his rights.

5. Plaintiff's motions for an order forcing facility officials to provide him with writing supplies or other materials, Dkt. 28; Dkt. 41; Dkt. 45, are DENIED.

6. The clerk of court is directed to send plaintiff a copy of the docket sheet.

7. Plaintiff's motions to compel discovery, Dkt. 52 and Dkt. 56, are DENIED.

8. Plaintiff's motion to strike portions of the answer and affirmative defenses, Dkt. 42, is DENIED.

9. Plaintiff's motions for default judgment, Dkt. 43 and Dkt. 56, are DENIED.

Entered December 7, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge