IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT, II,

                Plaintiff,

  v.                                                      OPINION and ORDER

TOM BENDER, JUSTINE MARSTON,                         20-cv-193-jdp
and DANIEL KATTENBRAKER,[1]

                Defendants.

---

Plaintiff Carl C. Gilbert, II, proceeding without counsel, is a civil detainee confined at Sand Ridge Secure Treatment Center. Gilbert alleges that defendant staffers strapped him down to a bed for two days in solitary confinement and forced him to take psychotropic drugs. Defendants move for summary judgment. Dkt. 70 and Dkt. 97. I will grant that motion because Gilbert submits no evidence suggesting that he was strapped to his bed for two days or forcibly given psychotropic drugs.

PRELIMINARY MATTER

Gilbert submitted a filing stating that defendants had not provided him with discovery he sought, including medical records and video footage of the events. Dkt. 102. Despite Gilbert's failure to file a proper motion to compel discovery, I directed defendants to respond to Gilbert's allegations. Dkt. 109. Defendants have responded, stating that they've already provided him with more than 700 pages of medical records in discovery, that he otherwise

---

[1] Gilbert named Justine Steinmetz as a defendant; she is now known as Justine Marston. I have amended the caption to reflect this change, and I will direct the clerk of court to reflect this change on the docket.

continues to have access to his medical records, and that there is no video footage of the events in question. Dkt. 111. Gilbert has submitted various medical and disciplinary records with his summary judgment opposition materials. I am satisfied that state officials have not blocked Gilbert's access to evidence in this case. I turn to defendants' motion for summary judgment.

UNDISPUTED FACTS

Gilbert has filed multiple briefs opposing defendants' summary judgment motion, attaching various medical and disciplinary records. Dkt. 78; Dkt. 114; Dkt. 115. But he did not properly file other documents required by this court's procedures to be followed on summary judgment, such as numbered responses to defendants' proposed findings of fact or his own proposed findings of fact. *See* attachments to Dkt. 51, the court's preliminary pretrial conference order. The court granted Gilbert multiple extensions of time to accomplish this task. I gave him a final opportunity to submit these documents and evidence supporting his version of events, such as a declaration sworn under penalty of perjury detailing his firsthand account of events. Dkt. 119. Gilbert has responded with a document titled as his responses to defendants' proposed finding of fact, Dkt. 120, but which is really another brief containing mostly legal argument. Because Gilbert had not responded to defendants' proposed findings of fact, I will consider those proposed findings undisputed unless they are contradicted by the evidence that Gilbert has submitted.

A. Parties

At the times relevant to the case, plaintiff Carl C. Gilbert, II, was a civil detainee at Sand Ridge Secure Treatment Center under a Wisconsin Statutes Chapter 980 commitment. Defendants were employees of the Wisconsin Department of Health Services who worked at

Sand Ridge: Tom Bender was an officer, Justine Marston was the nursing supervisor, and Dr. Daniel Kattenbraker was the medical director.

### B.  Court-ordered treatment

In September 2017, the Milwaukee County Circuit Court entered an order permitting Sand Ridge staff to involuntarily medicate Gilbert. *State v. Gilbert*, Milwaukee County Case No. 2006CI12. Dkt 100-1, at 14. Gilbert's treatment plan was developed and reviewed annually by the medical professionals treating him at Sand Ridge. Treatment providers at Sand Ridge determine Gilbert's individual medications and dosing.

As of the date of the incident at issue, Gilbert was prescribed the following psychotropic medications: fluphenazine and lithium carbonate by oral doses, with fluphenazine to be given by injection if Gilbert refused to take his oral dose. Fluphenazine is an antipsychotic medication used to treat schizophrenia and psychotic symptoms such as hallucinations, delusions, and hostility. Lithium carbonate is used to treat mood disorders such as mania and hypomania. Sand Ridge's medication administration records show that Gilbert took fluphenazine orally each day in September 2018. Dkt. 100-2, at 1–2.

### C.  September 9, 2018 incident

On September 9, 2018, Gilbert received a disciplinary report for "failure to take direction," "disruptive behavior," "attempted battery," and "physical aggression/fighting." Dkt. 73-1, at 1. The report stated that Gilbert got into a heated argument with an officer escorting the medication cart (I infer that this was defendant Bender), threw a cup at staff and swung his arm with a closed fist. Gilbert was taken down to the floor, restrained, and transferred to the secure treatment unit. Progress notes from the day after the incident state that Gilbert spent time in the dayroom at the secure treatment unit. Dkt. 115-2, at 14.

Gilbert received a formal hearing on his disciplinary report and the report was upheld. He was kept in the secure treatment unit and placed on the "step program," which he completed in early October 2018.

Solitary confinement (what defendants call "seclusion") with restraint may be used only in emergencies when detainees are at imminent risk of physically harming themselves or others. Any instance of seclusion with restraint is documented in various ways. For instance, once a detainee is placed in seclusion with restraint, a physician or physician assistant must authorize that placement within an hour or the detainee must be released. Detainees kept in seclusion or restraints must have their status documented on special forms. Sand Ridge policy also requires placement in restraints to be documented by video. Sand Ridge has no documentation by any of these methods of Gilbert's alleged placement in restraints in solitary confinement by Bender.

An investigation into the incident resulted in a recommendation for disciplinary action against Bender for disrespecting Gilbert and failing to follow agency procedures for interacting with agitated detainees and de-escalating disputes. Dkt. 115-1, at 26–29. It appears that Bender resigned before discipline against him was finalized. *Id.* at 29.

Gilbert also filed an internal grievance against Bender for that incident, stating that Bender had provoked and disrespected him. Gilbert won that grievance. Dkt. 115-3, at 4.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

Gilbert brings the following claims:

- Fourteenth Amendment excessive force and conditions-of-confinement claims against defendant Tom Bender for strapping him to his bed for two days following the incident.

4

- Fourteenth Amendment claims against defendants Justine Marston and Daniel Kattenbraker for forcing him to take psychotropic medications without a valid reason after the incident.

Under the Fourteenth Amendment, a plaintiff must show that a defendant (1) intended to carry out a certain course of action; and (2) that course of action was not objectively reasonable. *Pittman by and through Hamilton v. Madison Cnty.*, 108 F.4th 561, 568 (7th Cir. 2024). Gilbert's allegations that Bender strapped him to a bed for two days and that Marston and Kattenbraker forcibly medicated him without reason sufficed to meet these standards at the pleading stage.

But at summary judgment there is no evidence to support these allegations. With regard to the allegations against Bender, defendants explain in detail how serious it is to place a detainee in solitary confinement or restraints, and all of the documentation that would go along with such steps. There are no records confirming Gilbert's alleged placement. To the contrary, Gilbert has submitted progress notes stating that he spent time in the dayroom the day after the incident, directly contradicting his allegation that he was strapped to his bed for two days. None of the disciplinary records—for both Gilbert and Bender—say anything about Gilbert being strapped down to his bed. And when Gilbert filed an internal grievance against Bender, he complained only of Bender's provocations and disrespect; he didn't mention Bender strapping him down. Rude and unprofessional conduct does not violate the Constitution. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 423–25 (7th Cir. 2020) (en banc). And there is no evidence supporting Gilbert's allegation that Bender placed him in solitary confinement and strapped him to his bed for two days. So I will grant defendants' motion for summary judgment on the claim against Bender.

There are similar problems with Gilbert's forced-medication claim against Marston and Daniel Kattenbraker. There is no evidence that they or anyone else at the facility forcibly administered psychotropic medication to Gilbert following the events. To the contrary, Gilbert's medication record shows that he voluntarily took his fluphenazine every day that month. Because there is no evidence supporting Gilbert's forced-medication claim, I will grant summary judgment to defendants on this claim and dismiss the lawsuit.[2]

## ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the docket to reflect that defendant Justine Steinmetz is now known as Justine Marston.

2. Defendants' motion for summary judgment, Dkt. 70 and Dkt. 97, is GRANTED.

3. The parties' remaining motions are DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered September 26, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

---

[2] Defendants also contend that they are entitled to qualified immunity on Gilbert's Fourteenth Amendment claims. Because I am dismissing Gilbert's claims on the merits, I need not consider defendants' qualified immunity arguments.